1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ORLONZO HEDRINGTON,                      No.  2:23-cv-00801 TLN CKD PS

12              Plaintiff,

13         v.                                  ORDER AND

14    DAVID GRANT MEDICAL CENTER, et           FINDINGS AND RECOMMENDATIONS
      al.,

15
                Defendants.
16

17

18         Plaintiff Orlonzo Hedrington proceeds without counsel and seeks relief under 42 U.S.C. §

19    1983 and/or Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.

20    388 (1971) ("Bivens"). (ECF No. 1.) Pursuant to Local Rule 302(c)(21), this matter is before the

21    undersigned for these findings and recommendations. See 28 U.S.C. § 636(b)(1).

22         A motion to dismiss filed by defendant, David Grant Medical Center ("DGMC"), is before

23    the court. (ECF Nos. 9, 10.) The motion is fully briefed with plaintiff's opposition and

24    defendant's reply. (ECF Nos. 16, 17.) The court finds the matter appropriate for decision without

25    oral argument. See Local Rule 302(g). As set forth below, the court lacks subject matter

26    jurisdiction over plaintiff's claims for damages against DGMC, which is part of the United States

27    Air Force Medical Service. Those claims should be dismissed without leave to amend.

28    ////

                                              1

1    The other named defendant, Fairfield Police Department, has not appeared in this action.[1]

2    Plaintiff has not filed proof of service on the Fairfield Police Department. The court will order

3    plaintiff to show cause in writing as to why defendant City of Fairfield Police Department should

4    not be dismissed.

5    **I.  Background and the Motion to Dismiss**

6    Plaintiff paid the filing fee and filed the complaint on April 27, 2023, alleging that he was

7    drugged and then sexually assaulted while recovering from surgery at DGMC on Travis Air Force

8    Base. (ECF No. 1 at 9-11.) Plaintiff alleges he reported the crime and defendants DGMC and

9    Fairfield Police Department covered up the crime. (Id. at 4.) The complaint alleges violations of

10   plaintiff's constitutional rights brought under 42 U.S.C. § 1983 and/or Bivens. (Id. at 3.)

11   Defendant DGMC filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of

12   Civil Procedure. (ECF No. 15.)  Defendant argues plaintiff has failed to identify an unequivocal

13   waiver of sovereign immunity to allow this suit against a federal agency and that DGMC must be

14   dismissed for lack of subject matter jurisdiction. (ECF No. 15-1 at 2.)

15   In opposition to the motion, plaintiff argues the defendants' negligence and wrongful

16   actions provide the waiver of sovereign immunity. (ECF No. 16 at 4.) Plaintiff argues defendants

17   violated various federal civil rights statutes and that he brings his claims under 42 U.S.C. § 1983

18   and as a Bivens action. (Id.)

19   **II.  Legal Standards**

20   A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

21   seeks dismissal of an entire action or a specific claim or claims for lack of subject matter

22   jurisdiction. "A motion to dismiss for lack of subject matter jurisdiction may either attack the

23   allegations of the complaint or may… attack[ ] the existence of subject matter jurisdiction in

24   fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). In a

25   Rule 12(b)(1) facial attack, the factual allegations of the complaint are presumed to be true, and

26   the motion is granted only if the plaintiff fails to allege an element necessary for subject matter

27

28   [1] Although Fairfield Police Department has not appeared in this case, counsel for Fairfield Police
     Department in a separate action filed a notice of related cases on June 9, 2023. (ECF No. 10.)

1    jurisdiction. See Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1

2    (9th Cir. 2003). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction

3    in fact, as in this instance, no presumption of truthfulness attaches to the plaintiff's allegations for

4    the purpose of determining jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733. In addition, "the

5    district court is not restricted to the face of the pleadings, but may review any evidence, such as

6    affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."

7    McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When subject matter jurisdiction is

8    challenged in fact, the plaintiff has the burden of establishing that jurisdiction exists. Thornhill

9    Publ'g Co., 594 F.2d at 733.

10       **III. Discussion**

11       Plaintiff's claims against DGMC for damages under 42 U.S.C. § 1983 and/or as a Bivens

12   action for violations of his constitutional rights are barred by the doctrine of sovereign immunity.

13   See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) ("Meyer") (declining to recognize a direct

14   action for damages against federal agencies). As a sovereign, the United States is immune from

15   suit unless it has consented to suit and waived immunity. United States v. Mitchell, 463 U.S. 206,

16   212 (1983). "A waiver of sovereign immunity cannot be implied but must be unequivocally

17   expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotation marks and

18   citation omitted). "The party who sues the United States bears the burden of pointing to such an

19   unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

20       "[T]he United States has not waived its sovereign immunity in actions seeking damages

21   for constitutional violations." Thomas–Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988).

22   Thus, "no Bivens remedy is available against a federal agency[.]" W. Radio Servs. Co. v. U.S.

23   Forest Serv., 578 F.3d 1116, 1119 (9th Cir. 2009) (citing Meyer, 510 U.S. at 484).

24       In addition, to the extent the complaint brings claims under 42 U.S.C. § 1983, that section

25   does not provide a waiver of sovereign immunity for plaintiff's claims against DGMC. Section

26   1983 provides as follows:

27           Every person who, under color of [state law] ... subjects, or causes to
             be subjected, any citizen of the United States ... to the deprivation of
28           any rights, privileges, or immunities secured by the Constitution and

3

1     laws, shall be liable to the party injured in an action at law, suit in
      equity, or other proper proceeding for redress.

2

3         Defendant DGMC is not a person within the meaning of 42 U.S.C. § 1983. "[A] federal

4    agency is not a 'person' within the meaning of" § 1983. Jachetta v. U.S., 653 F.3d 898, 908 (9th

5    Cir. 2011) (rejecting argument that 42 U.S.C. § 1983 waived sovereign immunity). "[A] federal

6    agency is ... excluded from the scope of section 1983 liability." Hoffman v. U.S. Dept. of

7    Housing and Urban Development, 519 F.2d 1160, 1165 (5th Cir. 1975); see also Peoples v. Navy

8    Board Annex, No. 2:19-cv-2253 TLN AC PS, 2020 WL 1923166, at *2 (E.D. Cal. Apr. 21, 2020)

9    ("The Navy Board Annex is a federal agency, not a state actor that may be sued under § 1983."),

10   report and recommendation adopted, No. 2:19-CV-02253-TLN-AC, 2020 WL 3256287 (E.D.

11   Cal. June 16, 2020).

12        DGMC is the United States Air Force Medical Service's medical treatment facility. See

13   https://travis.tricare.mil/About-Us, last visited August 16, 2023.[2] As part of the United States Air

14   Force, a federal agency, DGMC is immune from plaintiff's claims for damages under 42 U.S.C. §

15   1983 and/or as a Bivens action for violations of his constitutional rights. See Meyer, 510 U.S. at

16   486; Jachetta, 653 F.3d at 908. The motion to dismiss should be granted.

17        Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a);

18   but see Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th

19   Cir. 1983) (court need not grant futile amendments). Here, it is clear the jurisdictional

20   deficiencies cannot be cured through amendment. This is not plaintiff's first suit against DGMC

21   attempting to allege violations of his constitutional rights arising out of the same underlying

22   incident. See Hedrington v. David Grant Med. Ctr., No. 2:22-CV-0074-KJM-DB-PS, 2022 WL

23   17178367, at *4 (E.D. Cal. Nov. 23, 2022) (noting two earlier actions involving "similar

24   questions of fact and the same question of law" and recommending dismissal for lack of subject

25   matter jurisdiction), report and recommendation adopted, No. 2:22-CV-0074-KJM-DB-PS, 2023

26   WL 1824641 (E.D. Cal. Feb. 8, 2023), and appeal dismissed, No. 23-15266, 2023 WL 3690829

27

28   _____

[2] The court may take judicial notice of information on a federal agency's web site. See New
Mexico ex rel. Richardson v. BLM, 565 F.3d 683, 702 n. 22 (10th Cir. 2009).

4

(9th Cir. Mar. 29, 2023). Plaintiff is unable to identify a waiver of sovereign immunity applicable to his claims against DGMC. Granting leave to amend would be futile.

### IV.  Defendant Fairfield Police Department

On April 28, 2023, the court issued a letter advising plaintiff, in relevant part, that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. Here, well over 90 days have passed since the complaint was filed and summons issued. (ECF Nos. 1, 3.) Plaintiff has not filed proof of service on defendant Fairfield Police Department.

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)). Here, plaintiff has shown neither good cause nor excusable neglect for the failure to serve.

### V.  Orders and Recommendations

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall show cause in writing within 14 days of the date of this order as to why defendant City of Fairfield Police Department should not be dismissed for plaintiff's failure to comply with Rule 4.

In addition, it is HEREBY RECOMMENDED as follows:

1. Defendant DGMC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) be granted.

2. Plaintiff's claims against defendant DGMC be dismissed without leave to amend for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 18, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Hedrington23cv801.mtd