UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DAVID GRANT MEDICAL CENTER, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-0801-TLN-CKD (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS TO</u><br><u>DISMISS FOR FAILURE TO SERVE</u> |

     Proceeding without the assistance of counsel, plaintiff filed this action on April 27, 2023.[1] On April 28, 2023, plaintiff was issued summons by the Clerk of Court to serve the defendants.

     On August 18, 2023, the court filed an order informing plaintiff that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. (ECF No. 18.) Plaintiff was ordered to show cause in writing within 14 days as to why defendant City of Fairfield Police Department should not be dismissed for plaintiff's failure to comply with Rule 4 as to defendant Fairfield Police Department. Plaintiff has not filed any response to the order to show cause, or otherwise communicated with the court since that date.

---

[1] Because plaintiff proceeds without counsel, this matter was referred to the undersigned under Local Rule 302(c)(21).

"Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." Eriksen v. Washington State Patrol, No. CV-05-0195-LRS, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)). But pro se status itself is not sufficient to show good cause for failure to serve. Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about service requirements does not constitute "good cause" for failure to serve).

As set forth, service of the summons and complaint must occur within 90 days of filing the complaint, unless otherwise ordered. Fed. R. Civ. P. 4(c)(1) & (m). If a defendant is not served by the deadline, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Given plaintiff's failure to serve, lack of good cause explanation, and failure to respond to a recent court order inquiring about the status of service, the claims against the Fairfield Police Department should be dismissed. See Fed. R. Civ. P. 4(m); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's claims against the Fairfield Police Department be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 13, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.hedr23cv0801.r4.fr