UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID GRANT MEDICAL CENTER, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-801-TLN-CKD PS<br><br><br>ORDER |

　　　　Plaintiff, Orlonzo Hedrington, filed a pro se civil complaint and paid the filing fee on April 27, 2023. (ECF No. 1.) Because plaintiff proceeds without counsel, this action was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned vacates the findings and recommendations filed on September 13, 2023, and orders plaintiff to file a declaration as to the status of this case as to defendant, Fairfield Police Department, within 14 days.[1] [2]

---

[1] In the alternative, if plaintiff requests entry of default and then applies to the court for default judgment in accordance with Rule 55 of the Federal Rules of Civil Procedure and Local Rule 302(c)(19), then a declaration need not be filed.

[2] By findings and recommendations filed August 18, 2023 (ECF No. 18), the undersigned recommended the motion to dismiss by defendant, David Grant Medical Center, be granted. That recommendation is unchanged by this order.

1

<u>Defendant Fairfield Police Department</u>

By order and findings and recommendations filed September 13, 2023, the undersigned recommended that defendant, Fairfield Police Department, be dismissed without prejudice under Rule 4 of the Federal Rules of Civil Procedure for plaintiff's failure to effectuate service of process. (ECF No. 20.) In making this recommendation, the undersigned noted plaintiff had failed to serve defendant, had failed to provide a good cause explanation for the failure to serve, and had failed to respond to a court order inquiring about the status of service. (<u>Id.</u>) The undersigned noted plaintiff had not communicated with the court since the court's order on August 18, 2023, which ordered plaintiff to "show cause in writing within 14 days of the date of this order as to why defendant City of Fairfield Police Department should not be dismissed for plaintiff's failure to comply with Rule 4."[3] (<u>Id.</u> at 5.)

Plaintiff filed objections to the September 13, 2023, findings and recommendations. (ECF Nos. 24, 28.) Plaintiff states he never received the court's "letter advising of Rule 4(m), 90 days, and [effect of no service] letter." (ECF No. 28 at 2.) Plaintiff appears to request that his case move forward against Fairfield Police Department. (<u>Id.</u> at 4.)

In addition, on September 26, 2023, plaintiff filed an affidavit demonstrating service of a summons and other documents on defendant, Fairfield Police Department.[4] (ECF No. 26.) The affidavit of service reflects that a summons and other documents[5] were served by personal service to Fabienne Pariera, Police Support Supervisor, at 1000 Webster Street in Fairfield, California, on May 17, 2023. (<u>Id.</u>)

Federal Rule of Civil Procedure 4 provides, in relevant part, as follows:

> (1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States

---

[3] As reflected on the docket, plaintiff's documents filed on August 31, 2023, and September 1, 2023, were not entered by the Clerk's Office, and did not become viewable by the undersigned, until September 19, 2023. (<u>See</u> ECF Nos. 21, 22.)

[4] The court does not determine at this time whether defendant, Fairfield Police Department, has been properly served under Rule 4 of the Federal Rules of Civil Procedure.

[5] A copy of the complaint was not one of the listed documents.

2

>>marshal or deputy marshal, proof must be by the server's affidavit.
>
>[….]
>
>(3) Validity of Service; Amending Proof. Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

Fed. R. Civ. P. 4(l)(1), (3).

Thus, plaintiff's failure to timely file proof of service on Fairfield Police Department does not affect the validity of service. Because plaintiff has filed an affidavit of service of the summons, the undersigned will vacate the recommendation to dismiss plaintiff's claims against Fairfield Police Department for failure to serve the defendant.

However, defendant Fairfield Police Department has not yet appeared in this action and plaintiff has failed to move the case forward. Accordingly, within 14 days of service of this order, plaintiff must respond to this order. Specifically, plaintiff shall file a declaration as to the status of this case as to the defendant, Fairfield Police Department. In the alternative, if appropriate, plaintiff may request entry of default in accordance with Rule 55 of the Federal Rules of Civil Procedure.[6]

---

[6] "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). The decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court considers the following factors:

>(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472. As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

3

Although plaintiff proceeds without counsel, pro se litigants are expected to know and comply with the rules of civil procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). Rule 41 of the Federal Rules of Civil Procedure provides for dismissal of an action if the plaintiff fails to prosecute or fails to comply with the rules of civil procedure or a court order. Fed. R. Civ. P. 41(b); see also Local Rule 110 (failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

With these advisements in place, the undersigned will vacate the recommendation to dismiss plaintiff's claims against Fairfield Police Department for failure to serve. Within 14 days of service of this order, plaintiff must either (1) file a declaration as to the status of this case as to defendant, Fairfield Police Department, or (2) request entry of default in accordance with Rule 55 of the Federal Rules of Civil Procedure. If the Clerk of the Court enters default, then plaintiff may file a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff must notice any motion for entry of default judgment for a hearing before the undersigned pursuant to Local Rule 230. Any motion for default judgment must be made within 30 days after any entry of default by the Clerk.

<u>Plaintiff's Pending Motions (ECF Nos. 21, 22, 23, 29)</u>

On August 31, 2023, plaintiff filed a document captioned "Plaintiff Dismiss Defendant David Grant Medical Center Notice of Motion and Motion to Dismiss Plaintiff's Lawsuit." (ECF No. 21.) On September 1, 2023, plaintiff filed a document captioned "Notice of Motion and Motion to Evidentiary Hearing due to Defendant's Fraud on the Court…" (ECF No. 22.) On September 13, 2023, plaintiff filed a document captioned "Plaintiff Dismiss Defendant David Grant Medical Center Notice of Motion and Motion to Dismiss Plaintiff's Lawsuit." (ECF No. 23.) On September 27, 2023, plaintiff filed a document captioned "Notice of Motion and Motion to Compel Discovery and Request Evidentiary Hearing." (ECF No. 29.)[7]

////

---

[7] Despite two documents captioned, in part, as "Motion to Dismiss Plaintiff's Lawsuit," plaintiff does not appear to seek dismissal of his lawsuit as relief. (See ECF Nos. 21, 23.)

These motions do not comply with Local Rule 230 because they are not noticed in compliance with Local Rule 230(b). These motions are also deficient because they do not seek relief under the Federal Rules of Civil Procedure or this court's local rules. The undersigned construes portions of these motions as further objections to findings and recommendations filed in this case. To the extent these documents seek relief from the court, the motions are denied without prejudice.

In accordance with the above, IT IS ORDERED as follows:

1. The findings and recommendations filed on September 13, 3023 (ECF No. 20), are VACATED.

2. Within fourteen (14) days of the date of this order, plaintiff must file one of the following: (1) a declaration as to the status of this case as to defendant, Fairfield Police Department, or (2) a request for entry of default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. If the Clerk of the Court enters default, then within 30 days thereafter, plaintiff must file a motion for entry of default judgment in accordance with Rule 55(b) and must notice the motion for hearing before the undersigned pursuant to Local Rule 230.

3. Plaintiff's miscellaneous motions (ECF No. 21, 22, 23, 29) are denied without prejudice.

Dated: October 12, 2023

*[signature]*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Hedr.21cv2031.vac.r4.fr