UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID GRANT MEDICAL CENTER, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-00801-TLN-CKD (PS)<br><br><br>ORDER |

　　　　Plaintiff, who proceeds without counsel, initiated this action with a complaint filed on April 27, 2023. (ECF No. 1.) On November 16, 2023, defendant, Fairfield Police Department, filed a motion to dismiss and noticed the motion for a hearing to take place on January 17, 2024, before the undersigned.[1] (ECF No. 46.) Under the court's Local Rules, plaintiff was to respond to the motion no less than 14 days after the motion was filed. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days after the motion was filed."). Plaintiff has not filed a timely opposition to the motion to dismiss.

////

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. Local Rule 183(a) provides, in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel]. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Plaintiff's failure to respond to the pending motion to dismiss is in violation of the Local Rules. However, the court will not recommend dismissal at this time. Instead, the court provides plaintiff an opportunity to respond to the pending motion to dismiss within 14 days after service of this order. Any further failure to respond will be construed as plaintiff's non-opposition to the

motion and will constitute grounds for dismissal under Rule 41(b).

Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party...." Accordingly, the hearing on the motion is vacated, and after expiration of the due dates below, the court will decide the motion on the record and written briefing only.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The hearing set for January 17, 2024, on defendant Fairfield Police Department's motion to dismiss (ECF No. 46), is VACATED.

2. Plaintiff shall file a written opposition (or a statement of non-opposition) to the pending motion to dismiss within 14 days after service of this order. Failure to do so will be deemed a statement of non-opposition and consent to the granting of the motion, and may constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendant may file a written reply to plaintiff's opposition within 10 days of plaintiff's filing. The court will take this matter under submission upon conclusion of this briefing schedule.

Dated:  December 8, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
hedr23cv801.nooppo