UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GRANT MEDICAL CENTER, et al.,<br><br>Defendants. | No. 2:23-cv-00801 TLN CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Orlonzo Hedrington proceeds without counsel and seeks relief under 42 U.S.C. § 1983 and/or Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). (See ECF No. 1.) Pursuant to Local Rule 302(c)(21), this matter is before the undersigned for these findings and recommendations. See 28 U.S.C. § 636(b)(1).

A motion to dismiss filed by defendant, City of Fairfield (sued as "Fairfield Police Department" and hereinafter "defendant") is before the court. (ECF No. 46.) The motion is fully briefed with plaintiff's opposition and defendant's reply. (ECF Nos. 50, 51.) This matter is appropriate for decision without oral argument. See Local Rule 302(g). For the reasons set forth below, the motion should be granted.

////

////

1

**I. Background**

Plaintiff paid the filing fee and filed the complaint on April 27, 2023, alleging he was drugged and sexually assaulted while recovering from surgery at David Grant Medical Center ("DGMC") on Travis Air Force Base. (ECF No. 1 at 9-11.) Plaintiff alleges defendants David Grant Medical Center and Fairfield Police Department covered up the crime. (Id. at 4.) The complaint alleges violations of plaintiff's constitutional rights brought under 42 U.S.C. § 1983 and/or Bivens, 403 U.S. 388. (Id. at 3.) As to the Fairfield Police Department, plaintiff asserts a claim under 42 U.S.C. § 1983 for conducting the investigation improperly. (Id. at 9 & 11.)

On October 25, 2023, plaintiff's claims against David Grant Medical Center were dismissed without leave to amend. (ECF No. 35.) The remaining defendant now moves to dismiss the complaint under Rule 12(b)(5) and (b)(6) of the Federal Rules of Civil Procedure. (ECF No. 46.) Defendant argues that the court lacks personal jurisdiction based on improper and untimely service. Defendant also argues that plaintiff's claims are barred by the statute of limitations and res judicata/claim preclusion. Finally, defendant argues that the complaint fails to state a claim because the City of Fairfield cannot be held vicariously liable for the harm plaintiff allegedly suffered. The court takes up defendant's res judicata/claim preclusion argument as dispositive of plaintiff's remaining claim.

**II. Legal Standards**

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

"A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6)." Drawsand v. F.F. Properties, L.L.P., 866 F. Supp. 2d 1110, 1125 (N.D. Cal. 2011) (citing Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)). Res judicata may be asserted in a motion to dismiss so long as it does not raise any disputed issues of fact.

2

Scott, 746 F.2d at 1378.

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court may consider material properly submitted as part of the complaint and documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The court may also consider matters of public record. Id.

### III. Discussion

#### A. Request for Judicial Notice

Defendant asks the court to take judicial notice of various matters including court filings in Hedrington v. David Grant Medical Center, et al., E.D. Cal. Case No. 2:22-cv-00074-KJM-DB (hereinafter "prior case No. 2:22-cv-00074-KJM-DB"). (ECF No. 46-1 at 2.) The court grants in part the request and takes judicial notice of the court filings in plaintiff's prior case No. 2:22-cv-00074-KJM-DB. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

#### B. Res Judicata/ Claim Preclusion

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Res judicata prohibits a party from bringing a lawsuit on "any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added, citation and quotation marks omitted). It "protects against the expense and vexation [of] multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor, 553 U.S. at 892 (citation and quotation marks omitted). Res judicata applies to bar claims when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Owens, 244 F.3d at 713 (internal quotation marks and citation omitted).

////

### 1. Identity of Claims

An "identity of claims" arises when two suits have "the same transactional nucleus of facts." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001). Plaintiff's current claim under 42 U.S.C. § 1983 against the City of Fairfield was already raised in plaintiff's prior case No. 2:22-cv-00074-KJM-DB. (See ECF No. 46-1 at 101, RJN, Exh. L (recommending dismissal of plaintiff's cause of action under 42 U.S.C. § 1983 premised on the City of Fairfield Police Department's failure to investigate an alleged assault on plaintiff at DGMC on January 22, 2016).) Plaintiff's current claim against the City of Fairfield shares the same transactional nucleus as the claim brought in his prior case No. 2:22-cv-00074-KJM-DB. (See ECF No. 1 at 4, 9-11.) Plaintiff's complaint alleges he reported an assault that occurred at DGMC on January 22, 2016, and the Fairfield Police Department covered up the crime.[1] (Id. at 4, 9, 7, 14.)

Plaintiff argues res judicata should not apply. Plaintiff's argument addresses cases other than the prior case No. 2:22-cv-00074-KJM-DB of which the court takes judicial notice. Specifically, plaintiff argues Case No. 1:22-cv-01425 "is still in the oven because Lawsuit in August 24, 2018-02333 [Case No. 2:18-cv-2333-KJM-DB] and here, as there DGMC police or Guard AFOSI did cover-up investigation for their own Travis Air Force Base…." (ECF No. 50 at 11-12.). Plaintiff further discusses a Solano County Superior Court action, Case No. FCS054199. (See id.) However, plaintiff fails to distinguish the present case from the prior case No. 2:22-cv-00074-KJM-DB of which this court has taken judicial notice. Identity of the claims is satisfied.

### 2. Final Judgment on the Merits

"The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (citations omitted). An involuntary dismissal under Federal Rule of Civil Procedure 41(b), except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as a final judgment on the merits. Fed. R. Civ. P. 41(b).

---

[1] In one place, the complaint appears to allege the assault occurred on April 27, 2022. (ECF No. 1 at 9.) In another place, the complaint states the events giving rise to the claims occurred in the year 2017. (Id. at 4.) However, both plaintiff's declaration and exhibit specify the alleged assault occurred on January 22, 2016. (Id. at 7, 14.)

In plaintiff's prior case No. 2:22-cv-00074-KJM-DB, the court granted City of Fairfield's motion to dismiss on statute of limitations grounds and for failure to state a claim. (ECF No. 46-1 at 103-06.) This involuntary dismissal was a dismissal with prejudice and a dismissal on the merits. See Fed. R. Civ. P. 41(b); Stewart, 297 F.3d at 956.

### 3. Privity between Parties

For claim preclusion to apply, the parties must be identical or there must be some sort of privity between them. Owens, 244 F.3d at 713. This case and the prior case No. 2:22-cv-00074-KJM-DB involve identical parties as to plaintiff and defendant City of Fairfield. Privity between parties is also satisfied.

### IV. Conclusion, Order, and Recommendations

Plaintiff's remaining claim under 42 U.S.C. § 1983 against Fairfield Police department is barred by res judicata. The motion to dismiss by City of Fairfield should be granted.

In accordance with the above, IT IS ORDERED that defendant's request for judicial notice (ECF No. 46-1) is granted in part and the court takes judicial notice of the court filings in Hedrington v. David Grant Medical Center, et al., E.D. Cal. Case No. 2:22-cv-00074-KJM-DB.

In addition, it is RECOMMENDED as follows:

1. The motion to dismiss by defendant City of Fairfield, sued as "Fairfield Police Department" (ECF No. 46) be granted on the asserted ground of res judicata/claim preclusion.

2. Plaintiff's claim against the Fairfield Police Department be dismissed with prejudice.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.

1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 26, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Hedrington23cv801.mtd.res