UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON, | No. 2:23-cv-00801-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| DAVID GRANT MEDICAL CENTER, et al., | |
| Defendants. | |

This matter is before the Court on pro se Plaintiff Orlonzo Hedrington's ("Plaintiff") Motions for Relief from Judgment and Motion to Set Aside Judgment.[1] (ECF Nos. 64, 67, 73, 77). Defendants David Grant Medical Center ("DGMC") and Fairfield Police Department (collectively, "Defendants") did not file an opposition. For the reasons set forth below, the Court DENIES Plaintiff's motions.

///

///

///

---

[1] As discussed below, the Court construes Plaintiff's motion to set aside Judgment as a motion for relief from judgment under Federal Rule of Civil Procedure ("Rule") 60(b).

1

1   A detailed recitation of the factual and procedural history is not necessary for the disposition of Plaintiff's motions. In short, Plaintiff commenced this civil rights action against Defendants, seeking relief under 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("Bivens"). (ECF No. 1.) On August 18, 2023, the magistrate judge made findings and recommendations ("F&Rs") to grant DGMC's motion to dismiss for lack of subject matter jurisdiction. (ECF No. 18.) Plaintiff was served with the F&Rs via U.S. mail that same day, and the deadline to file objections to the F&Rs was fourteen (14) days thereafter. (*Id.*) No party filed objections to the F&Rs.

The Court conducted a *de novo* review of the F&Rs and found them to be supported by the record and by proper analysis. (ECF No. 35.) On October 25, 2023, the Court adopted the F&Rs in full and dismissed Plaintiff's claims against DGMC with prejudice. (*Id.*) The Court referred the matter back to the magistrate judge for further pretrial proceedings on Plaintiff's remaining claim against the Fairfield Police Department. (*Id.*)

On February 26, 2024, the magistrate judge made new findings and recommendations ("Second F&Rs") to dismiss Plaintiff's claim against the Fairfield Police Department on the ground that Plaintiff's claim was barred by the doctrine of claim preclusion. (ECF No. 53.) Plaintiff was served with the Second F&Rs via U.S. mail that same day, and the deadline to file objections to the Second F&Rs was fourteen (14) days thereafter. (*Id.*) Plaintiff filed objections to the findings and recommendations, principally contending the Court is without jurisdiction to grant the Fairfield Police Department's motion to dismiss because the Fairfield Police Department failed to timely file and serve its motion. (*See* ECF Nos. 54, 55.)

The Court conducted a *de novo* review of the Second F&Rs and found them to be supported by the record and by proper analysis. (ECF No. 62.) On March 28, 2024, the Court adopted the Second F&Rs in full and dismissed Plaintiff's claim against the Fairfield Police Department. (ECF No. 62.) The Clerk of Court entered Judgment that same day. (ECF No. 63.)

Plaintiff subsequently filed three motions for relief from judgment (ECF Nos. 64, 67, 73) and a motion to set aside (ECF No. 77), which the Court construes as a motion for relief for Judgment under Rule 60(b). *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (court must

construe pro se plaintiff's pleadings liberally). Plaintiff seeks relief under Rule 60(b), principally contending the Court erred in adopting the magistrate court's F&Rs.[2] (*See* ECF Nos. 64, 67, 73, 77.)

On motion and just terms, a district court may relieve a party from a final judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the instant case, Plaintiff has failed to demonstrate he is entitled to relief under Rule 60(b). Plaintiff makes cursory arguments and merely recites the operative text from various subsections of Rule 60(b) without proffering facts that give rise to any indication that relief is warranted. (ECF Nos. 64, 67, 73, 77.) For example, Plaintiff argues the Court fraudulently favored Defendants without alleging any facts that plausibly suggest such an occurrence. (*See* ECF No. 77.) The arguments in Plaintiff's other motions are substantially similar in their conclusory nature. (ECF Nos. 64, 67, 73, 77.)

///

///

///

---

[2] Plaintiff also seeks relief under Rule 60(a)(1), however, Plaintiff fails to demonstrate there has been any oversight or omission, nor does the Court find one. Therefore, the Court declines to address Plaintiff's arguments with respect to Rule 60(a)(1).

1    Accordingly, the Court DENIES Plaintiff's Motions for Relief from Judgment. (ECF
2  Nos. 64, 67, 73, 77.)
3    IT IS SO ORDERED.
4  Date: September 30, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE