UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID GRANT MEDICAL CENTER, et al.,<br><br>    Defendants, | No. 2:23-cv-00801-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on pro se Plaintiff Orlonzo Hendrington's ("Plaintiff") request for the case to be reversed, set for trial, or proceed to settlement. (ECF No. 79.) For the reasons set forth below, the Court DENIES the request.

1

1    Judgment was entered in this civil rights action on March 28, 2024.  (ECF Nos. 62, 63.)
2    Plaintiff then filed three motions for relief from judgment, (ECF Nos. 64, 67, 73), and a motion to
3    set aside judgment, (ECF No. 77), which this Court construed as a motion for relief under Federal
4    Rule of Civil Procedure ("Rule") 60(b).  (ECF No. 78 at 2.)  After detailing the facts and
5    procedural history, which the Court incorporates by reference here, the undersigned denied
6    Plaintiff's various motions for relief.  (*Id.*)  Plaintiff has now filed another request for relief under
7    Rules 60(b)(3), (d)(2), and (d)(3).  (ECF No. 79.)

8    Rule 60 is to be "used sparingly as an equitable remedy to prevent manifest injustice and
9    is to be utilized only where extraordinary circumstances prevented a party from taking timely
10   action to prevent or correct an erroneous judgment."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th
11   Cir. 2008) (internal citation omitted).  Rule 60(b)(3) permits relief from a final judgment for
12   "fraud . . . misrepresentations, or misconduct by an opposing party."  Rule 60(d) states the rule
13   does not limit a court's power to "grant relief under 28 U.S.C. § 1655 to a defendant who was not
14   personally notified of the action" nor "set aside a judgment for fraud on the court."  Fed. R. Civ.
15   P. 60(d)(2)-(3).

16   Under the Local Rules, motions for reconsideration are also required to state, "what new
17   or different facts or circumstances are claimed to exist which did not exist or were not shown
18   upon such prior motion, or what other grounds exist for the motion" and "why the facts or
19   circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

20   Here, Plaintiff fails to raise any coherent argument suggesting that relief is warranted
21   under Rule 60.  As before, Plaintiff only makes cursory arguments, some of which appear
22   duplicative of his arguments made in prior motions for relief.  Additionally, Plaintiff has not
23   shown any altered facts or circumstances that did not exist at the time of his prior motions.
24   Accordingly, the Court DENIES Plaintiff's motion.  Plaintiff is advised that future motions for
25   reconsideration will be disregarded, and no orders will issue in response.
26   //
27   //
28   //

2

1  IT IS SO ORDERED.

2  Date: January 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE